GARRISON, Judge.
This is an appeal from a decision of the Civil Service Commission of the City of New Orleans dated April 1, 1986 denying increased compensation to Sergeant Lawrence J. Chaisson. From that decision, Chaisson appeals.
On or about December 16, 1985, Sgt. Chaisson wrote the following letter to the Director of Personnel for the Civil Service Commission:
“I am requesting to be considered receiving the pay scale which is the same as Lieutenant of the New Orleans Police Dept. I have been employed by the Police Department for 18 yrs. I have been working in the capacity of Sergeant for the past 8 yrs.
“Since May 12, 1985, I have been assigned to Platoon Commander in the Sixth Police District. On this Platoon I am supervising three other Sergeants and 18 Police Officers. I am also in command of a Sub-Platoon, which consists of one Sergeant and 8 Police Officers.
“This position requires that I am responsible for all scheduling of work days, disciplinary action, and overseeing of crime reports for 30 Police Officers in one of the highest crime rate sections of the City of New Orleans.
“For the above reasons I am making this request and would appreciate receiving a reply from your office.
“I am also asking that you consider making this request retroactive in this position which is normally filled by a Police Lieutenant.”
At the time, three police lieutenants who were acting as Captains were receiving Captain’s pay. Contained in the record is a letter dated March 10, 1986 informing Sgt. Chaisson that his request for acting pay will be heard at the March 13, 1986 Civil Service Commission meeting.
On April 1, 1986, Director of Personnel John A. Belsom sent the following letter to Chaisson:
“The Civil Service Commission at its regular meeting on March 13, 1986 entertained a request from you as well as from Sergeant Emmett Dupas for acting pay at the level of Police Lieutenant.
“The Commission carefully considered arguments offered on behalf of you and Sergeant Dupas by your legal counsel as well as comments from the Police Superintendent and Deputy Superintendent Galliano. Following a thorough examination of all aspects of this matter, however, the Commission has voted to deny your request.” (emphasis added).
Also presently in the record before this Court is the following oath also signed by Belsom:
“I hereby certify that the foregoing constitutes a complete and correct tran *464 script of the record as requested by the appellant and the appellee in their requests for the designation of the record in the matter entitled Lawrence Chaisson vs. Department of Police No. N/A on the Docket of the Civil Service Commission of the City of New Orleans.
“New Orleans, Louisiana, this 30th day of July, 1987.”
There is, however, no transcript contained in the record.
Sergeant Chaisson’s original letter did not request a formal hearing. Hence no formal hearing was docketed by the Commission, thus no transcript was prepared. If Sergeant Chaisson requests a formal hearing, then the Commission must hold one. Accordingly, the instant matter is dismissed without prejudice so that proper procedure may be pursued.
DISMISSED WITHOUT PREJUDICE.